[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No.  15-10780
Non-Argument Calendar

_____

D.C. Docket No. 2:14-cr-00012-LGW-RSB-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WESTLEY KAYEON KENNEDY,
a.k.a. K.K.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(February 2, 2017)

Before MARCUS, ROSENBAUM and FAY, Circuit Judges.

PER CURIAM:

The government's motion to dismiss this appeal is GRANTED, in part, as to

Kennedy's argument that his plea agreement is procedurally unconscionable. *See*

*United States v. Puentes-Hurtado*, 794 F.3d 1278, 1284 (11th Cir. 2015) (noting that a conviction appeal waiver will be enforced if the plea agreement is voluntary and taken in compliance with Rule 11).  The government's motion to dismiss is DENIED with respect to Kennedy's remaining argument—that his guilty plea was involuntary because his counsel had a conflict of interest—because it is not barred by his guilty plea or the conviction appeal waiver in his plea agreement. *See id.* at 1281, 1285 (holding that a defendant's claim that his plea was involuntary and unintelligent because his counsel rendered ineffective assistance is not barred by a conviction appeal waiver).  However, the record is not sufficiently developed to allow meaningful review of Kennedy's conflict of interest argument on direct appeal. *See Massaro v. United States*, 538 U.S. 500, 504-05 (2003).  Accordingly, we AFFIRM Kennedy's conviction, without prejudice to his ability to raise his conflict of interest claim on collateral review.

**AFFIRMED.**

2